IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shawndell Monte McFarlin, #200701, | Case No. 2:17-cv-3215-CMC-MGB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Scott S. Harris, and Redmond K. Barnes, | |
| Defendants. | |

Shawndell Monte McFarlin ("Plaintiff") has filed a civil action. (DE# 1). Plaintiff is a state prisoner incarcerated at Evans Correctional Institution located in South Carolina. Petitioner is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed**, and without issuance and service of process, for the following reasons:

**I. Petitioner's Allegations**

Plaintiff has filed a hand-written document labeled as a "Bill of Complaint (DE# 1). He complains that his petition to the United States Supreme Court was "received, rejected, and returned for the following reasons: 1. These papers fail to comply with the Rules of this Court; and 2. The papers were not construed to be a petition for writ of certiorari." (*Id*. at 5). Plaintiff contends the Supreme Court had "original jurisdiction" over his cause of action and that his petition should have been accepted for filing in the United States Supreme Court by Scott Harris and Redmond Barnes. (*Id*. at 8). He complains that the United States Supreme Court denied his motion for

rehearing. He alleges that Scott Harris and Redmond Barnes conspired against him in Washington D.C. to "knowingly and willfully prevent the execution of a lawful process" and failed "to do something the law requires to be done which is defined as contempt." (*Id*. at 11). Plaintiff also characterizes the Defendants' alleged actions (in not accepting his *pro se* petition for filing) as "gross negligence." (DE# 1-5 at 6, ¶ VI).

For relief, Plaintiff demands monetary damages and further demands that his "Rule 17 petition" be filed and adjudicated by this Court or by the United States Supreme Court. (DE#1 at 12). In his own words, Plaintiff demands that this Court order the "Defendants to filed (sic) the Plaintiff Rule 17 Writ of motion according procedural due process of law." (DE# 1-5 at 6, ¶ VI, "Relief").

## II. Standard of Review

### A. Liberal Construction

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Review Under 28 U.S.C. § 1915

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following cases: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff is proceeding IFP, and therefore, this case is subject to screening pursuant to 28 U.S.C. § 1915. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i-iii).

A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. As for failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. A plaintiff must allege facts that actually support a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### C. The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (4th Cir. 2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## IV. Discussion

Review of the Petition reflects several reasons why summary dismissal is appropriate.

### A. Quasi-Judicial Immunity

Liberally construing Plaintiff's "Bill of Complaint," he appears to be suing two employees of the Clerk of Court for the United States Supreme Court for not filing his Rule 17 Petition and for returning such document to him with a letter of explanation. The two Defendants are entitled to quasi-judicial immunity for their judicially-related acts performed for the court. *See, e.g., Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming grant of absolute quasi-

judicial immunity to clerk of court for performance of judicially-related duties), *cert. denied*, 552 U.S. 1194 (2008); *Martin v. Rush*, Case No. 13–693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *adopted*, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013).

Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities as official judicial aides are involved and is referred to as quasi-judicial immunity. *See Abebe v. Propes*, Case No. 0:11–1215–MBS–PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by*, 2011 WL 2600593 (D.S.C. June 29, 2011); *Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016). Such immunity applies to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). The two Defendants are entitled to quasi-judicial immunity for performing official duties for the United States Supreme Court. Hence, they are entitled to summary dismissal of any claims for monetary damages against them.

### B. **Failure to State a Claim as a Matter of Law**

Plaintiff complains that the United States Supreme Court did not accept his Rule 17 Petition and denied his request for rehearing. Plaintiff seeks an order from this Court forcing the United States Supreme Court to accept his petition and hold a hearing. This Court is not authorized to issue a writ of mandamus against the United States Supreme Court or its employees.

Plaintiff has not provided a copy of his Rule 17 Petition., and it is unclear why he believes that he can file such a petition and invoke "original jurisdiction" of the United States Supreme Court. Rule 17 of the Rules of the Supreme Court of the United States provides: "This Rule applies only to an action invoking the Court's original jurisdiction under Article III of the Constitution of the United States. See also 28 U. S. C. §1251 and U. S. Const., Amdt. 11." Title 28 U.S.C. § 1251 ("Original Jurisdiction") provides:

> (a) The Supreme Court shall have original and exclusive jurisdiction of all controversies between two or more States.
> (b) The Supreme Court shall have original but not exclusive jurisdiction of:
> (1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties;
> (2) All controversies between the United States and a State;
> (3) All actions or proceedings by a State against the citizens of another State or against aliens.

The Eleventh Amendment provides that: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." Plaintiff does not explain how his Rule 17 Petition could meet such criteria or why he believes he can proceed under Rule 17 in "original jurisdiction" in the United States Supreme Court. In addition, Plaintiff's allegations are conclusory and factually unsupported.

Plaintiff's "Bill of Complaint" appears to seek "injunctive relief" in the nature of mandamus relief. Petitioner does not cite any relevant authority for bringing a "petition for writ for mandamus." If he is proceeding under 28 U.S.C. § 1361, such federal statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff has not identified any duty owed to him by the Defendants.

The writ of mandamus is a drastic and infrequently used remedy that is limited to cases where a federal court is acting in aid of its own jurisdiction. 28 U.S.C. § 1361. The United States Supreme Court has observed that "[m]andamus is a drastic remedy to be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has 'no other adequate means to attain the relief he desires' and that his entitlement to such relief is 'clear and indisputable.' " *In re Francis*, 5 F.App'x 166, 2001 WL 203925 (March 1, 2001) (quoting *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 35 (1980)).

Plaintiff appears to assert that the Defendants were obligated to file his Rule 17 Petition and that the United States Supreme Court was obligated to hold a hearing on it. Plaintiff is mistaken. Plaintiff does not suggest how this District Court would have authority to force the United States Supreme Court, or its employees, to accept Plaintiff's Rule 17 Petition for filing. According to Plaintiff, his petition was returned to him with a deficiency letter.

With respect to mandamus, the Fourth Circuit Court of Appeals recently observed that Rule 81(b) of the Federal Rules of Civil Procedure abolished the common law writ of mandamus, thereby precluding federal district courts from issuing writs of mandamus under 28 U.S.C. § 1651. *Banks v. Hornak*, 2017 WL 2788587, *8 & n.6 (June 27, 2017); 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3134 (3d ed. 2014). The prisoner in *Banks v. Hornak* had filed for mandamus in federal district court and then appealed the denial of mandamus relief. The Fourth Circuit Court of Appeals observed that "we assume, without deciding, that Section 1361 and Section 1651 petitions are treated equivalently for purposes of Section 1915." Although Petitioner does not indicate whether he seeks mandamus under 28 U.S.C. § 1361 or 28 U.S.C. § 1651, he would not be entitled to relief under either statute.

Even when liberally construed, the *pro se* Plaintiff's Complaint fails to state a claim for relief as a matter of law. Although Plaintiff seeks to force the United States Supreme Court to file and hear his Rule 17 petition, he is not entitled to such relief. Such pleading deficiency cannot be cured by amendment. As this case is entirely dismissible for enumerated reasons under § 1915(g), this dismissal should count as a strike. The Fourth Circuit Court of Appeals recently held, albeit in an unpublished case, that Section 1915(g) applies to mandamus actions. *See, e.g., Banks v. Hornak*, -- F.App'x ---, 2017 WL 2788587, *7 (June 27, 2017) ("[W]e conclude that Petitioner is barred from proceeding *in forma pauperis* on appeal [of the dismissal of his mandamus action] by operation of Section 1915(g).").

## V. Recommendation

Plaintiff's "Bill of Complaint" is subject to summary dismissal entirely for enumerated grounds, i.e. failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B). Therefore, this dismissal should count as a strike. *See Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (holding that the entire case must be dismissed on enumerated grounds to count as a strike).

Accordingly, the Magistrate Judge recommends that the *pro se* Plaintiff's "Bill of Complaint" (DE# 1) should be **summarily dismissed**, with prejudice, and without issuance and service of process; this dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 13, 2017
Charleston, South Carolina

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).