IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shawndell Monte McFarlin, #200701,<br><br>    Plaintiff,<br><br>vs.<br><br>Scott S. Harris, and Redmond K. Barnes,<br><br>    Defendants. | Civil Action No. 2:17-cv-3215-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's complaint alleging his petition to the United States Supreme Court was improperly rejected for filing.[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

On November 30, 2017, the Magistrate Judge issued a proper form order directing Plaintiff to file proper service documents and pay the filing fee or submit an Application to Proceed without Prepayment of Fees and Affidavit. ECF No. 6. In response, Plaintiff filed a motion to alter or amend the Proper Form Order, arguing the Magistrate Judge was incorrect

---

[1] Plaintiff's "Rule 17 Petition" filing with the Supreme Court named "Governor Henry McMaster, Attorney General Alan Wilson, and others mentioned, for the State of South Carolina," as Defendants. ECF No. 16-1. Plaintiff appears to allege he was arrested as a juvenile and deprived of his Constitutional rights. Id. at ¶ 3 ("The Plaintiff was an incompetent minor, non compos mentis, and non sui juris, at the time he was kidnapped and exploited, to the County Jail; to the Family Court; and to the Court of General Sessions; compelled to be a witness against himself; denied the right to effective assistance of counsel for his defense; unduly, unlawfully, and unconstitutionally convicted and sentenced to his involuntary servitude; by Courts that proceeded on mere want of jurisdiction over the parties, and over the proceedings; then denied the right to appeal.").

when she said Plaintiff complained his writ of certiorari was returned by the Supreme Court. ECF No. 9. Plaintiff explained he was complaining the Supreme Court rejected his Rule 17 Petition, not a writ of certiorari, which the Supreme Court had no discretion to deny. *Id.* Plaintiff requested the court alter or amend judgment to reflect the change from writ of certiorari to Rule 17 Petition. *Id.* The Magistrate Judge then filed an Order directing the Clerk not to authorize service and granting Plaintiff's motion to proceed *in forma pauperis*. ECF No. 11. That Order also denied Plaintiff's motion to alter or amend as moot because the previous Proper Form Order was not a judgment, and the Report and Recommendation (issued the same day) accurately states Plaintiff's allegations. On December 14, 2017, the Magistrate Judge issued a Report recommending this matter be summarily dismissed with prejudice, and without issuance and service of process, based on quasi-judicial immunity and because this court is not authorized to issue a writ of mandamus against the Supreme Court or its employees. ECF No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on January 8, 2018.[2] ECF No. 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo

---

[2] Plaintiff also filed a letter directed to the Magistrate Judge containing "additional information concerning [his] case in S.C. Admin. Law Court." ECF No. 15. This submission was reviewed but does not appear to have any bearing on the case pending in this court.

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a de novo review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation that the complaint should be dismissed. Plaintiff's objections are addressed below.

First, Plaintiff questions how his complaint could be summarily dismissed after Plaintiff filed a Rule 59(e) motion. ECF No. 16. However, the Report correctly states Plaintiff's Rule 17 Petition, and not a writ of certiorari, was rejected by the Supreme Court. Therefore, as the Magistrate Judge noted in her previous order, Plaintiff's Rule 59(e) motion to alter or amend is moot.

Plaintiff next inquires as to whether Article III of the Constitution permits Plaintiff to file a Rule 17 Petition in the Supreme Court when a state is a party, and then asks whether Defendants violated Plaintiff's right to petition the Government for a redress of grievances when they failed to file Plaintiff's Rule 17 Petition. However, even assuming *arguendo* the Supreme Court had original jurisdiction over Plaintiff's "Rule 17 Petition," it was not mandated to accept it for filing. The Supreme Court retains discretion over whether to hear cases of original jurisdiction. *Washington v. Gen. Motors Corp.*, 406 U.S. 109, 113, 92 S. Ct. 1396, 1398, 31 L. Ed. 2d 727 (1972) ("The breadth of the constitutional grant of this Court's original jurisdiction

dictates that we be able to exercise discretion over the cases we hear under this jurisdictional head, lest our ability to administer our appellate docket be impaired.").

In addition, as noted by the Magistrate Judge, the defendants sued by Plaintiff in this suit are the Supreme Court Clerk of Court and an Assistant Clerk/Case Analyst, employees who are entitled to quasi-judicial immunity. Further, this court does not have the power to issue a writ of mandamus against the United States Supreme Court or its employees in the absence of a duty owed to Plaintiff. Contrary to Plaintiff's contention, Defendants did not owe him a duty to file his Rule 17 petition as the Supreme Court has discretion not to accept cases asserting original jurisdiction. Therefore, Plaintiff cannot receive the relief he requests.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's complaint is hereby dismissed with prejudice. This dismissal shall count as a strike under 28 U.S.C. § 1915(g).[3]

**IT IS SO ORDERED.**

> s/Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> Senior United States District Judge

Columbia, South Carolina
January 16, 2018

---

[3] Plaintiff asks in his objections how many strikes he has against him. A search of this court's docket does not reveal any other lawsuits filed by Plaintiff.